UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DALE D. GIBBONS,<br><br>    Defendant. | NO. CR-03-150-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

Before the Court are Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 243); Motion for Leave to Reopen Discovery (Ct. Rec. 247); Motion of Appointment of Counsel (Ct. Rec. 248); and Motion to Continue (Ct. Rec. 249), as well as various Motions to Produce (Ct. Rec. 252 - 256).

On July 28, 2004, a jury convicted Defendant of one count of Conspiracy to Commit Wire Fraud and fifteen counts of Wire Fraud. On March 17, 2005, Defendant was sentenced to 60-months incarceration. Defendant appealed his sentence and conviction. The Ninth Circuit affirmed on January 22, 2007 (Ct. Rec. 219).

On May 19, 2008, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 243). On November 17, 2008, the Court ordered the Government to respond to the motion (Ct. Rec. 259). On January 16, 2009, the Government filed its response.

Defendant is asserting two grounds as the basis for his § 2255 motion: (1) newly found evidence supports his claim of actual innocence; and (2) newly found evidence

establishes that he testified truthfully at trial.  Defendant is asking the Court to reverse his conviction and to vacate his sentence.  Notably, Defendant is not presenting a claim of constitutional error at his trial or sentencing; rather he is arguing that the newly discovered evidence sufficiently establishes his innocence, irrespective of any constitutional error at his trial or sentencing.  This type of claim has been identified as a "freestanding actual innocence claim." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997).

Under 28 U.S.C. § 2255, a federal prisoner may move the Court to vacate, set aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack.

As the Government points out, neither the Supreme Court nor the Ninth Circuit have definitively held that claims of actual innocence based on newly discovered evidence can provide the basis for federal habeas relief.  *See Herrera v. Collins*, 506 U.S. 390, 399 (1993); *Osborne v. District Attorney's Office for the Third Judicial District*, 521 F.3d 1118, 1130 (9th Cir. 2008).  In *Osborne*, the Ninth Circuit explained that in this circuit, courts are to assume that freestanding innocence claims are possible. 521 F.3d at 1130. Thus, in reviewing an actual innocence claim, the Court must first resolve whether a petitioner has made an adequate evidentiary showing of actual innocence before reaching the constitutional question of whether a freestanding innocence claim is cognizable in habeas.  *Id.*  "[A] habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Id.*

Defendant relies on the Final Report of Michael J. Missal Bankruptcy Court

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** ~ 2

Examiner[1] as newly discovered evidence that demonstrates and supports Defendant's theory that he was packaging loans in exactly the fashion that he was instructed to by New Century and other lenders. Defendant also indicates that at least two former New Century employees are willing to testify about New Century's real practices, including providing brokers with instructions and advice about how to get around New Century's lending guidelines.

The Examiner made the following conclusions with respect to New Century Mortgage's loan practices:

- New Century had a brazen obsession with increasing loan originations, without due regard to the risks associated with that business strategy;
- New Century layered the risks of loan products upon the risks of loose underwriting standards in its loan originations to high risk borrowers;
- In more than 40% of the loans originated by New Century, the borrowers were not required to provide verification of claimed income;
- New Century made frequent exceptions to its underwriting guidelines for borrowers who might not otherwise qualify for a particular loan;
- Instead of focusing on whether borrowers could meet their obligations under the terms of the mortgages, the focus was on whether the loans New Century originated could be initially sold or securitized in the secondary market;
- Even though New Century was aware of an alarming and steady increase

---

[1]The Final Report is a 581 page document that was prepared by Michael J. Missal who was appointed Examiner by the United States Trustee for Region 3 as part of the bankruptcy proceedings of New Century Financial Corporation. (Ct. Rec. 258). In the Final Report, the Examiner concluded that "New Century engaged in a number of significant improper and imprudent practices related to its loan originations, operations, accounting and financial reporting processes."

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 3**

    in early payment defaults on loans originated by New Century beginning in mid-2004, it continued to feed the wave of investor demands without anticipating the inevitable requirement to repurchase an increasing number of bad loans.

- New Century gave inadequate attention to the increasing amount of investor "kickouts" where investors rejected approximately $800 million in loans because of missing documentation.

Final Report, p. 3-6.

  While the Final Report may undercut some of the evidence that was presented at trial, it does not affirmatively prove Defendant's innocence. *See Carriger*, 132 F.3d at 477 (holding that even though the newly discovered evidence casts a vast shadow of doubt over the reliability of the defendant's conviction, it serves only to undercut the evidence presented at trial, but does not affirmatively prove the defendant's innocence).

  As the Government's briefing points out, the Final Report does not affirmatively prove that Defendant is innocent because it (1) relies on data from 2004-2007, while Defendant was convicted of conduct occurring during the period from 1997-2000; (2) does not establish that New Century Mortgage Corporation approved and had knowledge about the specific fraudulent actions Defendant undertook to obtain financing in connection with the Anderson, Triumph-Hall, and Chavez transactions charged in the Indictment; (3) does not contain information specifically related to the three transactions charged in the Indictment where New Century Mortgage was the lender; and (4) the Final Report does not prove that the other thirteen lenders who were defrauded in the other twenty transactions charged in the Indictment approved or had knowledge of Defendant's fraudulent acts. Moreover, the evidence at trial established that Defendant and his co-conspirators inflated the price of the real estate and produced fraudulent documents so that the lender would unknowingly be providing 100% financing to the buyer/borrower. Defendant used a number of tactics to give the lenders

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 4**

the false impression that the borrowers had the funds available to make significant down payments on the property, such as fake gift letters purporting to give the borrower large sums of money, false HUD-1 settlement statements, sham seller-second trusts that were discounted to one dollar upon closing, and the temporary transfer of funds from Defendant's personal account into the prospective borrower's account. Finally, Defendant has not identified the two former employees or provided any affidavits from them to support his claim of actual innocence.

Because the Court concludes that Defendant has not met his burden of establishing a freestanding claim of innocence, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied. Therefore, the remaining motions are moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 243) is **DENIED**.

2. Defendant's Motion for Leave to Reopen Discovery (Ct. Rec. 247) is **DENIED**.

3. Defendant's Motion of Appointment of Counsel (Ct. Rec. 248) is **DENIED**.

4. Defendant's Motion to Continue (Ct. Rec. 249) is **DENIED**.

5. Defendant's Motion to Produce (First Set of Requests for Production Propounded Against the United States Attorney's Office) (Ct. Rec. 252) is **DENIED**.

6. Defendant's Motion to Produce (Second Set of Requests for Production Proposed Against the United States Attorney's Office) (Ct. Rec. 253) is **DENIED**.

7. Defendant's Motion to Produce (Third Set of Requests for Production Proposed Against the United States Attorney's Office (Ct. Rec. 254) is **DENIED**.

8. Defendant's Motion to Produce (Fourth Set of Requests for Production Proposed Against the United States Attorney's Office (Ct. Rec. 255) is **DENIED**.

9. Defendant's Motion to Produce (Fifth Set of Requests for Production

Proposed Against the United States Attorney's Office (Ct. Rec. 256) is **DENIED**.

    10.  Defendant's Motion to Resend Additional Documents (Ct. Rec. 268) is **DENIED**.

    11.  Judgment is entered in favor of the United States and against Defendant.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and to furnish copies to Defendant and counsel**.**

**DATED** this 9th day of April, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2003\03-149-53\Gibbons\deny.wpd

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 6**